[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12553
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cv-00163-SCJ


WILLIAM BENJAMIN DANNER, JR.,
MARY DANNER,

Plaintiffs-Appellants,

versus

TRAVELERS PROPERTY CASUALTY
INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 18, 2021)

Before JORDAN, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

In this insurance coverage dispute, the parties ask us to define and apply the term "accident" as used in an automobile insurance policy. William Danner was involved in a multi-car wreck in which he was hit twice—once by a truck and once by an SUV. Afterward, he and his wife filed a declaratory judgment action against their insurer, Travelers Property Casualty Insurance Company, asserting that their policy limits were applicable to each collision separately because each collision was a separate "accident" under the policy. The district court granted summary judgment for Travelers, holding that the collisions were one single "accident" under the policy. For the reasons below, we affirm.

## I.

We presume familiarity with the factual and procedural history of this case. We describe it below only to the extent necessary to address the issues raised in this appeal.

William B. Danner Jr. was driving home one afternoon when a white pickup truck crossed into his lane and hit him head-on. Danner had no time to react in a way that would have avoided the truck. Then, shortly after the initial crash, a blue sport utility vehicle struck Danner's car from behind. Importantly, Danner had not yet regained control of his car when he was hit by the blue SUV. He was not even aware that there had been a second collision at the time he left the scene. Later, he testified

2

that he could not recall being hit by the blue SUV. Nor could he recall how much time passed between colliding with the white pickup and being hit by the blue SUV.

At the time of the wreck, Danner was insured by an automobile insurance policy issued by Travelers. The policy included coverage for injuries caused by uninsured motorists with limits of $250,000 per "any one person in any one auto accident." The policy defined "uninsured" motor vehicles to include those that are insured at the time of the accident by policies that cap liability at a lower amount than the Travelers policy. The policies on the pickup and SUV that collided with Danner each covered less than $250,000.

The Danners filed an action in state court seeking, among other things, a declaratory judgment regarding the amount of uninsured motorist coverage available under their Travelers policy. They alleged that under the policy each collision was a distinct "accident," meaning that the $250,000 limitation on uninsured motorist liability applied separately to each collision for a total of $500,000. Travelers removed to federal court. Shortly after removal, the Danners filed a motion for summary judgment. The district court denied that motion as premature and without prejudice.

After several months of discovery, the Danners filed a renewed motion for summary judgment. Shortly thereafter, Travelers filed its own motion for summary judgment and responded to the Danners' motion. Days later, the Danners filed a

3

"Supplemental Argument" in support of their renewed motion but did not respond to Travelers' motion or statement of material facts. After considering the filings, the district court denied the Danners' renewed motion, granted Travelers' motion, and declared that the policy "provide[d] $250,000 in uninsured motorist coverage . . . for Plaintiff's claims arising out of the May 31, 2018 accident[.]" The Danners appealed.

## II.

The Danners argue that, under the Travelers policy, there was not one "accident," but two. Accordingly, they argue the uninsured motorist coverage limitations should apply twice—once to each collision, rather than once to the entire sequence of collisions—effectively doubling the applicable limit on liability. Moreover, they argue that the district court erred by granting summary judgment before a jury could apportion fault for the accident. Upon consideration, we disagree.

We review the district court's grant of summary judgment *de novo*, applying the same legal standards as the district court. *United States v. Mortg. Invs. Corp.*, 985 F.3d 825, 830 (11th Cir. 2021). Summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When reviewing the record, all reasonable inferences are to be drawn in favor of the non-moving party. *Mortg. Invs. Corp.*, 985 F.3d at 830 (citing *Ryder Int'l Corp. v. First Am. Nat'l Bank*, 943 F.2d 1521, 1523 (11th Cir. 1991)).

4

The parties agree that Georgia law controls the interpretation of the insurance policy. Courts applying Georgia law rely on the "'cause' theory" to "aid in the construction of the word 'accident[.]'" *State Auto Prop. & Cas. Co. v. Matty*, 690 S.E.2d 614, 617 (2010). Under this theory "the number of accidents is determined by the number of causes of the injuries, with the court asking if 'there was but one proximate, uninterrupted, and continuing cause which resulted in all of the injuries and damage.'" *Id.* (quoting *Appalachian Ins. Co. v. Liberty Mut. Ins. Co.,* 676 F.2d 56, 61 (3rd Cir. 1982) (citations omitted)). Where an automobile accident involves a sequence of collisions, "courts look to whether, after the cause of the initial collision, the driver regained control of the vehicle before a subsequent collision, so that it can be said there was a second intervening cause and therefore a second accident." *Matty*, 690 S.E.2d at 617.

Here, the district court correctly determined that there was one "accident." Danner was injured when the white pickup crossed the center line and hit him head-on. Because of that collision Danner's car was stopped in the road, at which point he was rear-ended by the blue SUV. Danner himself testified that at no point between the first and second collision did he regain control of his car. As he put it: "I had no control over it at all." Based on these undisputed facts, the district court determined that there was one "proximate, uninterrupted, and continuing cause" of Danner's injuries, and thus one "accident" under the policy. And as the district court noted,

there is no evidence in the record that the second collision caused any separate and distinct injury to Danner.

The Danners' argument that the district court invaded the province of the jury is similarly without merit. The district court was not required to wait for a jury to apportion fault for the wreck before applying the "cause theory" to determine the number of accidents under the policy. Juries resolve disputes of material fact. In this declaratory judgment action, there are none. The undisputed facts support the district court's determination that the two impacts Danner suffered were part of the same "accident."

### III.

For these reasons, we conclude that the district court did not err when it granted Travelers' motion for summary judgment. Accordingly, the district court is **AFFIRMED.**

6